UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIEUDONNE ABEL,

Plaintiff,

- against -

TOWN SPORTS INTERNATIONAL HOLDINGS, INC., TOWN SPORTS INTERNATIONAL, LLC,

Defendants.

09 Civ. 10388 (DLC) (DF)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**MOTION TO ENFORCE SETTLEMENT AGREEMENT**

BRYAN CAVE LLP
Zachary A. Hummel
(zahummel@bryancave.com)
Christopher R. Strianese
(christopher.strianese@bryancave.com)
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 541-2000

*Attorneys for Defendants*
*Town Sports International Holdings, Inc.,*
*and Town Sports International, LLC*

## TABLE OF CONTENTS


Page

TABLE OF AUTHORITIES .......... ii

PRELIMINARY STATEMENT .......... 1

ARGUMENT .......... 2

POINT I THE SETTLEMENT AGREEMENT SHOULD BE ENFORCED .......... 2

- A. There Was No Express Reservation of The Right Not To Be Bound in the Absence of A Signed Writing .......... 3
- B. Both Parties Partially Performed on the Contract .......... 4
- C. The Oral Agreement Encompassed All Settlement Terms .......... 6
- D. Settlement Agreements Do Not Have to Be In Writing .......... 6

POINT II IF THIS CASE IS RESTORED TO THE COURT'S CALENDAR, SUCH RESTORATION SHOULD BE SUBJECT TO CERTAIN CONDITIONS .......... 9

CONCLUSION .......... 10

## TABLE OF AUTHORITIES

### CASES

*Alvarez v. City of New York*, 146 F. Supp. 2d 327 (S.D.N.Y. 2001) .............................. 4, 5, 6, 7, 8

*Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320 (2d Cir. 1997) .............................................. 8

*Foster v. City of New York*, No. 96 Civ. 9271 (PKL), 2000 WL 145927 (S.D.N.Y. Feb. 7, 2000) .............................................................................................................................2, 7, 8

*Francis v. Home Box Office, Inc.*, No. 04 Civ. 7430 (DLC), 2005 WL 1020863 (S.D.N.Y. Apr. 28, 2005) ............................................................................................................................ 4, 7

*Kaczmarczyk v. Acme Contracting LLC*, No. 06-cv-1005 CBA VVP, 2009 WL 3739442 (E.D.N.Y. Nov. 3, 2009) ................................................................................................................ 5

*Lee v. Hosp. for Special Surgery*, No. 09 Civ. 1117 (LAK), 2009 WL 2447700 (S.D.N.Y. Aug. 11, 2009) ........................................................................................................................ 7

*Pretzel Time, Inc. v. Pretzel Int'l, Inc.*, No. 98 Civ. 1544 (RWS), 2000 WL 1510077 (S.D.N.Y. Oct. 10, 2000) ............................................................................................................ 4, 6

*Teachers Ins. & Annuity Ass'n of Am. v. Tribune Co.*, 670 F. Supp. 491 (S.D.N.Y. 1987) ............. 5



C066509/0306400/1606459.1

**PRELIMINARY STATEMENT**

Defendants Town Sports International Holdings, Inc. and Town Sports International LLC ("TSI" or "Defendants") respectfully submit this reply memorandum of law in further support of their motion to enforce the settlement agreement entered that they entered into with Plaintiff Dieudonne Abel ("Plaintiff") (the "Motion"). TSI demonstrated in its opening Memorandum of Law ("TSI Br.") that the parties agreed to a binding settlement through a mediation conducted by Magistrate Judge Freeman.

In his opposition to the Motion ("Opp."), Plaintiff fails to discuss, much less make any effort to refute, the majority of authority cited by TSI. Rather, Plaintiff's argument rests on the fact that the written settlement agreement contained terms that were not part of the oral settlement. Plaintiff, however, ignores the fact that TSI only seeks to enforce the terms of the oral settlement agreement (TSI Br. at 9).

As to the oral agreement, Plaintiff concedes that he informed TSI he "would accept the [settlement] offer," though he argues that "it was implicit" that the settlement would not be finalized until committed to writing. (Opp. at 6). As set forth below, the expectation that a settlement agreement will be memorialized in writing does not void the oral agreement, and an "implicit" understanding certainly is not an "express" reservation. Significantly, Plaintiff did not object to TSI's informing the Court that a settlement had been reached or to the Court's filing of an Order of Discontinuance. (Opp. at 7). Thus, the terms of the oral settlement agreement should be enforced.

Alternatively, if this Court does not enforce the settlement agreement, TSI requests that discovery should be deemed concluded with the exception of the immediate taking of Plaintiff's deposition. While Plaintiff points to the fact that TSI requested discovery extension early in the litigation, TSI explained the reasons for the request to the Court (technological limitations for retrieving electronic information) when seeking an extension of the discovery cut-off date. The

Court granted that request and extended the time period for discovery until November 24, 2010. TSI's prior explained delay had no bearing on the parties' inability to complete discovery by November 24, 2010. That inability rests solely on Plaintiff due to his acceptance of, and subsequent refusal to abide by, the settlement.

## ARGUMENT

## POINT I

## THE SETTLEMENT AGREEMENT SHOULD BE ENFORCED

TSI has established that settlement agreements are strongly favored by the courts and should not be lightly cast aside. (*See* TSI Br. at 6-7). Plaintiff makes no attempt to distinguish nor does he challenge the cases cited by TSI which hold that a party cannot avoid a settlement simply because he has changed his mind. While Plaintiff argues in opposition to the Motion that the written settlement agreement contained certain terms that were not previously agreed upon (such as an explicit waiver of claims under the FMLA and an agreement not to seek reemployment), Defendants are not seeking to enforce those terms. If Plaintiff wanted the additional terms removed from the written agreement, he needed only to ask. As Plaintiff concedes, however, the written terms were not Plaintiff's issue; in fact, Plaintiff never even commented on them. The issue is that Plaintiff has now changed his mind and simply "want[s] to 'have his day in court.'" (Opp. at 11).

Had Plaintiff wanted to preserve his right to "have his day in court," he should not have agreed to the settlement and his counsel should not have permitted TSI's counsel to inform the court that a settlement had been reached. Plaintiff's buyer's remorse does not excuse him from abiding by the terms of the settlement. *See Foster v. City of New York*, No. 96 Civ. 9271 (PKL), 2000 WL 145927, at *4 (S.D.N.Y. Feb. 7, 2000) ("[t]his Court must enforce a binding oral agreement, notwithstanding that plaintiff may have had a change of heart").

The Parties agree that the Court should consider four factors in determining whether the settlement agreement is binding. (TSI Br. at 7, Opp. at 12). While no single factor in the analysis is determinative, Plaintiff is unable to demonstrate that any of the four factors support a finding that this case was not settled.

**A. There Was No Express Reservation of The Right Not To Be Bound in the Absence of A Signed Writing**

As discussed in the TSI Br., the parties did not expressly reserve the right not to be bound by the October 5, 2010 oral settlement absent a signed writing. Plaintiff concedes this fact by asserting that "Plaintiff's counsel communicated that Plaintiff would accept the offer, though **it was implicit** in the balance of the discussion that a written agreement would be required to finalize the settlement." (Opp. at 6) (emphasis added). An "implicit" understanding is the very opposite of an "express" reservation of rights. Indeed, implicit is defined as "capable of being understood from something else though **unexpressed**." MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 583 (10th ed. 1996) (emphasis added). Thus, even if Plaintiff's counsel believed that there was an "implicit" understanding that the settlement was not final, this understanding was never expressly communicated. As such, the settlement should be enforced.

Plaintiff attempts to escape the settlement agreement's application by arguing that the written settlement agreement contained certain provisions limiting its effectiveness until after its signing. (Opp. at 13). This argument fails in multiple respects. First, TSI is not seeking enforcement of the written settlement agreement; rather, TSI seeks enforcement of the settlement terms agreed to orally on October 5, 2010 (namely, payment of $75,000 in two payments with $25,000 paid as W2 back pay damages to Plaintiff, $25,000 paid as Form 1099 emotional distress damages to Plaintiff, and $25,000 paid in Form 1099 attorneys' fees to Ogihara & Associates; a general release of all claims; and confidentiality of the settlement terms). That the written agreement would not become effective until executed is of no consequence. Second, "the inclusion of a

'merger clause'" in the written agreement does not void the oral settlement. *See Pretzel Time, Inc. v. Pretzel Int'l, Inc.*, No. 98 Civ. 1544 (RWS), 2000 WL 1510077, at *3 (S.D.N.Y. Oct. 10, 2000). *See also Alvarez v. City of New York*, 146 F. Supp. 2d 327, 336 (S.D.N.Y. 2001). Significantly, Plaintiff makes no attempt to distinguish and does not address this Court's holding in *Francis v. Home Box Office, Inc.*, No. 04 Civ. 7430 (DLC), 2005 WL 1020863, at *4 (S.D.N.Y. Apr. 28, 2005) (Cote, J). There, this Court held that the terms of a later "unexecuted written settlement agreement . . . are not relevant to the question of whether the oral settlement agreement is enforceable." *Id.*

Further, not only did Plaintiff not expressly reserve the right not to be bound by the settlement in the absence of a written agreement, Plaintiff agreed with TSI that an "agreement in principle" had been reached and that the Court should be informed of such agreement. (Opp. at 7, Opp. Ex. C). (*See* e-mail reflecting Plaintiff's agreement attached as Exhibit 1 to the Supplemental Affirmation of Christopher Strianese ("Strianese Supp. Aff.")). Had Plaintiff sought to condition the settlement agreement on it being committed to writing, his counsel could have said so when TSI's counsel informed him that he was going to notify the Court of the settlement. Rather, Plaintiff's counsel simply responded, "Yes please feel free." (*Id.*). Where both parties agree that a settlement in principle has been reached, this "point[s] to a conclusion that they had reached fundamental consensus and that all significant terms had already been agreed upon." *Pretzel Time*, 2000 WL 1510077, at *4. Accordingly, upon being informed of a settlement in principle, the Court correctly entered an Order on October 8, 2010, stating that it had "been reported to this Court that this case has been settled." (Strianese Aff. Ex. 2). That Order respectfully should not be disturbed.

**B. Both Parties Partially Performed on the Contract**

An oral settlement agreement is enforceable even if there has been no partial performance. *See, e.g., Pretzel Time*, 2000 WL 1510077 at *3. Here, however, TSI has demonstrated that it partially performed its obligations under the Settlement Agreement (TSI Br. at 9-11). In fact, both parties



C066509/0306400/1606459.1

partially performed their settlement obligations by ceasing discovery and allowing the discovery cut-off date to pass without conducting depositions, including the deposition of Plaintiff. Plaintiff does not deny that discovery was abandoned; however, Plaintiff argues that because TSI asked for an extension of a discovery deadline earlier in the case, the delay after reaching the settlement does not amount to partial performance. (Opp. at 14-15).

As set forth above, TSI explained the reasons it sought additional time to retrieve electronic documents in obtaining an extension from the Court of the earlier discovery cut-off date. This prior extension is irrelevant to this motion. It cannot be disputed that discovery was abandoned after *October 5* because of the deal Plaintiff now seeks to avoid. Further, Plaintiff does not address the holding of *Kaczmarczyk v. Acme Contracting LLC*, No. 06-cv-1005 CBA VVP, 2009 WL 3739442, at *5 (E.D.N.Y. Nov. 3, 2009) that partial performance is found where the parties "abandoned discovery and trial preparation, in contemplation of and reliance on the settlement agreement." *See also Alvarez*, 146 F. Supp. 2d at 336 ("there also was partial performance of the agreement in the sense that both sides, relying on the apparent settlement, did not resume active litigation of the case").

TSI also demonstrated that it had partially performed the settlement by allocating $75,000 to meet its obligations under the agreement and including the $75,000 reserve in its Form 10-Q filing. (TSI Br. at 9). Without citing any authority, Plaintiff asserts that an allocation of funds does not constitute partial performance. (Opp. at 14). To the contrary, however, the court in *Teachers Ins. & Annuity Ass'n of Am. v. Tribune Co.*, 670 F. Supp. 491, 502 (S.D.N.Y. 1987), held that allocating funds is evidence of partial performance of an agreement: "However informally it was done, <u>the allocation of the loan commitment effectively reserved the funds</u>. . . ." As a result of TSI's allocation, Plaintiff "was assured that when the time came. . .for concluding final documents. . .[he] would not be told that [TSI] had nothing left to [pay in a settlement in 2010]. . . . <u>That constituted a partial</u>

performance." (emphasis added). Accordingly, TSI's measures to reserve settlement funds constitutes partial performance.

**C. The Oral Agreement Encompassed All Settlement Terms**

TSI has established that the parties agreed to each of the settlement terms that were part of TSI's revised offer presented at the October 4 settlement conference before Judge Freeman and were accepted by Plaintiff on October 5. (TSI Br. at 11-12). Plaintiff's agreement that a settlement "in principle" had been reached and his consent to informing the Court of such an agreement makes clear that this factor weighs in favor of enforcing the settlement agreement. *See, e.g., Pretzel Time*, 2000 WL 1510077, at *4.

In opposition, Plaintiff does not dispute that the offer made before Judge Freeman resulted in an agreement. Instead, Plaintiff again relies on the fact that the later written agreement contained certain terms that were not part of the oral agreement. (Opp. at 15-16). These terms are of no significance as TSI does not seek their enforcement.

Further, although Plaintiff attempted to raise new issues after agreeing to the settlement (such as asking TSI to conduct a further investigation into the conduct of certain of its employees (Strainese Aff. ¶ 13)), and these issues were cooperatively discussed, they certainly were not remaining terms of the settlement that needed to be negotiated. *See, e.g., Alvarez*, 146 F. Supp. 2d at 336 ("[h]aving accepted the terms and conditions of the settlement agreement, plaintiff cannot now allege – after he has accepted the settlement agreement – that other terms remained"). To the contrary, each party retained the unilateral right to say "no" to any proposed additional term without unraveling their agreement. (*See* TSI Br. at 11).

**D. Settlement Agreements Do Not Have to Be In Writing**

TSI has established that oral settlement agreements are enforceable. (TSI Br. at 11). In opposition, Plaintiff baldly asserts that because this case is one alleging "employment discrimination," "it would follow that" a settlement agreement "ought to be in writing." (Opp. at

16). Not surprisingly, Plaintiff does not cite any authority for this proposition. Nor can he because oral settlement agreements of employment discrimination actions are commonplace. *See, e.g., Home Box Office, Inc.*, 2005 WL 1020863 (Cote, J.); *Lee v. Hosp. for Special Surgery*, No. 09 Civ. 1117 (LAK), 2009 WL 2447700 (S.D.N.Y. Aug. 11, 2009); *Foster*, 2000 WL 145927; *Alvarez*, 146 F. Supp. 2d at 327.

Plaintiff also argues incorrectly that the settlement agreement in this action needs to be in writing because it was not made in open court. (Opp. at 16). Plaintiff argues that New York CPLR § 2104 requires that the settlement agreement either be in writing or made in open court. As an initial matter, "there is substantial reason to conclude that" CPLR § 2104 "does not apply in federal court at all." *Lee*, 2009 WL 2447700, at *2.

It is unnecessary to decide here, however, whether CPLR § 2104 applies because the settlement agreement satisfies that statute's "open court" requirement as "the settlement was reached at or following a settlement conference before the court." *Id.*, *quoting Alvarez*, 146 F. Supp. 2d at 338. Here, the parties negotiated the settlement at a conference before Judge Freeman on October 4. At the conference, Plaintiff's counsel requested that TSI's settlement offer remain open for twenty-four hours, and Plaintiff then accepted the settlement offer the next day, October 5.[1] Counsel immediately informed the Court that the parties had reached a settlement, thereby satisfying the requirements of CPLR § 2104 that an oral settlement agreement be made in open court.

---

[1] While Plaintiff notes that neither party "expressed interest" in placing the settlement on the record at the October 4 conference (Opp. at 6), it was impracticable to put the settlement on the record at that time because Plaintiff asked TSI to keep its offer open for 24 hours so that Plaintiff could consider whether to accept it. TSI extended Plaintiff the 24 hours requested as a courtesy. If Plaintiff had not requested an additional 24 hours, TSI would have certainly wanted to put the settlement agreement on the record. As discussed in the TSI Br., the fact that Plaintiff requested that TSI keep the offer open for 24 hours is strong evidence that Plaintiff intended that his acceptance would bind the parties. Otherwise, Plaintiff would have needed TSI to keep the offer open until the formal agreement was executed, something which could not possibly have happened within 24 hours.

Similar circumstances occurred in *Alvarez*, 146 F. Supp. 2d at 331-32, in which the court enforced the oral settlement agreement. In that case, the parties held a settlement conference before the court on June 13 at which the defendants made a settlement offer. The court instructed the plaintiff that he had one day to accept or reject the settlement offer, and that if he accepted, the defendants had one day to advise the court of the acceptance. The plaintiff accepted the settlement offer and the court was appropriately advised of the agreement. The court held that where there were "settlement conferences with the Court," counsel reported the settlement to the Court, and "[o]n the basis of that communication, the Court issued an order dismissing the case with prejudice, subject to reinstatement by any party within thirty days if settlement was not consummated," then the requirements of CPLR § 2104 to document an oral stipulation were met. *Id.* at 338. If necessary to apply CPLR § 2104, the same finding is applicable here. *See also Foster*, 2000 WL 145927, at *3-4, n. 4 (in holding that representations to the court of a settlement satisfy CPLR § 2104, the court noted that "even if all technical requirements of C.P.L.R. § 2104 were not satisfied, the agreement may be enforced since there has been 'substantially compliance' with the rule").

Last, Plaintiff's reliance on *Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320 (2d Cir. 1997) as rejecting an oral settlement agreement is misplaced because that case is factually distinguishable. While the settlement here meets the "open court" requirement of CPLR § 2104 because it was reached through a settlement conference with the court, the settlement negotiations in *Ciaramella* did not meet the open court requirement. *Id.* at 321. In addition, the movant in *Ciaramella* was seeking to enforce the terms contained in a written, but unexecuted, settlement agreement. Here, TSI seeks to enforce an oral agreement reached weeks before a written agreement with further terms was exchanged. Accordingly, requiring Plaintiff to abide by the terms of the settlement agreement is not inconsistent with *Ciaramella*.

## POINT II

## IF THIS CASE IS RESTORED TO THE COURT'S CALENDAR, SUCH RESTORATION SHOULD BE SUBJECT TO CERTAIN CONDITIONS

TSI has established that if this Court determines that the oral settlement agreement is not binding, the only remaining permitted discovery should be the deposition of the Plaintiff and the Plaintiff should be required to reimburse Defendant its reasonable attorneys' fees for attending the October 4 settlement conference and to prepare a second time for the deposition of Plaintiff. (TSI Br. at 12-14). Plaintiff opposes TSI's request by arguing that it is a "contradiction" to permit TSI to depose Plaintiff but to not allow any other fact discovery to proceed. (Opp. at 17). This is not a contradiction. TSI would have deposed Plaintiff on October 6 had Plaintiff not agreed to settle this case on October 5. The discovery cut-off date passed without taking Plaintiff's deposition solely because Plaintiff had agreed to settle this matter.[2] Despite Plaintiff's recent announcement that he would rather "get ready to go to trial" (Abel Aff. ¶ 7) than abide by the terms of his October 5 settlement, Plaintiff cannot deny that his change of heart has caused unnecessary discovery delays and forced TSI to unnecessarily incur additional costs. If this case is not settled, no extension discovery should be granted and Plaintiff should be required to appear for a deposition and bear the additional costs TSI has incurred.

---

2 Defendants stopped pursuing discovery because they believe there is a deal. Plaintiff has offered no reason for why he ceased pursuing discovery if Plaintiff believed the parties had not reached a settlement agreement.

## CONCLUSION

For the foregoing reasons and those stated in TSI's initial memorandum of law, Defendants' Motion to Enforce the Settlement Agreement entered into by Defendants and Plaintiff Dieudonne Abel should be granted in all respects.

Dated: New York, New York
December 17, 2010

Respectfully submitted,

**BRYAN CAVE LLP**

By: /s/ Zachary A. Hummel

Zachary A. Hummel
(zahummel@bryancave.com)
Christopher R. Strianese
(christopher.strianese@bryancave.com)
1290 Avenue of the Americas
New York, New York 10104
212-541-2000
Attorneys for Defendants